S. N. & C. RUSSELL MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KINNEY WORSTED YARN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18825, 18826. Promulgated May 13, 1929.

*R. Kemp Slaughter, Esq.*, and *Hugh C. Bickford, Esq.*, for the petitioners.

*Eugene Meacham, Esq.*, for the respondent.

504

508

OPINION.

TRAMMELL: The question is whether the three corporations involved were affiliated from January 1, 1921, to November 29, 1921. If they are to be held to be affiliated it must be by reason of the fact that substantially all of the stock of the three corporations is owned or controlled by the same interests. The creditors' committee, which was authorized by agreement of the stockholders representing 86.8 per cent of the Russell Company, 81.1 per cent of the Kinney Company and 75.3 per cent of the Nemasket Mills, was given entire charge of the operation and control of the various corporations, and stockholders owning 86.8 per cent of the Russell Company, 76.7 per cent in the Kinney Company and 54.3 per cent of the Nemasket Mills executed irrevocable powers of attorney to the creditors' committee to vote their stock. The question then to be decided is whether the creditors' committee, which stepped into the shoes of Russell, Kinney and Sanford with respect to the voting of their stock, controlled sufficient amount of stock to amount to substantially all within the meaning of the statute.

The fact that the creditors' committee operated and controlled the corporations is not important if it did not control the voting rights of the stock. It is the control of the stock and not the con-

trol of the business which is the control referred to in the statute. See *Ice Service Co.* v. *Commissioner* (C. C. A.), 30 Fed. (2d) 230, in which the court affirmed the decision of the Board in 9 B. T. A. 386.

There is testimony in the record as to the acquiescence of the balance of the stockholders and testimony relating to the relationships between the stockholders, but the fact that stockholders acquiesced in the management of the business by the committee does not indicate that their stock was controlled within the meaning of the statute. See *News Publishing Co.* v. *Commissioner*, decided by the Court of Appeals for the District of Columbia December 3, 1928, 29 Fed. (2d) 955, wherein the court stated:

The statute contemplates something more than control by mere sufferance. The control must have a tangible and substantial basis.

The Court of Appeals affirmed the decision of the Board in 6 B. T. A. 1257.

The evidence relating to the relationship of the parties, in so far as it might indicate either that the stockholders of the different corporations were the same interests or that the stock was controlled by the same interests in so far as the stockholders were concerned, does not indicate or tend to show that the creditors' committee, which took the place of the majority stockholders, were the same interests as the minority stockholders or that they controlled the stock of minority stockholders. As we see it, the case presents the question as to whether the creditors' committee controlled substantially all of the stock in the various corporations. From the evidence we can not find that this committee controlled the stock to the excess of 86.8 per cent in the Russell Company, 76.7 per cent in the Kinney Company, and 54.3 per cent in the Nemasket Mills. These percentages clearly do not represent substantially all of the stock. See *American Auto Trimming Co.*, 6 B. T. A. 1007; *Hatzel & Buehler, Inc.*, 10 B. T. A. 993; *Central Auto Equipment Co.*, 7 B. T. A. 1068. See also the case of *Wadhams & Co.* v. *United States*, 67 Ct. Cls. 235, in which it was held that 80 per cent of the stock did not constitute substantially all. See also *Ice Service Co.* v. *Commissioner*, *supra*, wherein the court stated that only when the outside interests, that is, the interest of the minority, is so small as to be practically negligible are corporations to be treated as in receipt of a single income requiring a consolidated return.

In view of the foregoing, it is our opinion that the corporations were not affiliated during the period involved.

*Judgment will be entered under Rule 50.*